**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IBLC Abogados, S.C., <br> Plaintiff, <br><br> v. <br><br> PHILIP BRACAMONTE, as Trustee of the BRACAMONTE FAMILY TRUST: and DOES 1-25, inclusive, <br><br> Defendants. | Civil Action No. 11-cv-2380-GPC-KSC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR AN INTERLOCUTORY APPEAL** <br><br> [DKT. NO. 60] |

Before the Court is Plaintiff IBLC Abogado's motion for an order certifying an interlocutory appeal of the Court's July 23, 2013 Order Granting Defendant's Motion for Partial Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment. (Dkt. No. 60.) The matter is fully briefed by the parties and, pursuant to L. Civ. R. 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## LEGAL STANDARD

Parties may only appeal "final decisions of the district courts." 28 U.S.C. § 1291. An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims. Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 884 (9th Cir. 2003) (citing Cheng v. Comm'r, 878 F.2d 306, 310 (9th Cir.1989)). However, under certain circumstances, district courts may certify an issue for interlocutory appeal under 28 U.S.C. §1292(b), which provides in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. §1292(b). Certification of interlocutory appeals is only appropriate in exceptional situations, where doing so would prevent expensive and protracted litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1027 (9th Cir. 1982).

A district court has discretion to certify an order for interlocutory appeal if the three following criteria are met: (1) the order involves a controlling question

1                                                    **Civil Action No. 11-cv-2380-GPC-WMC**

of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d at 1026. The court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. "Even then, a court has substantial discretion in deciding whether to grant a party's motion for certification." Zulewski v. Hershey Co., CV 11-05117 KAW, 2013 WL 1334159 (N.D. Cal. Mar. 29, 2013).

## ANALYSIS

Plaintiff IBLC Abogados, a Mexican law firm, sued Defendant Bracamonte, a former client and California resident, for failure to pay attorneys fees according to the parties' contract for legal services. (See generally, Dkt. No. 1.) Upon review of the parties' cross-motions for partial summary judgment, this Court conducted an analysis of choice-of-law principles and determined that California law, rather than Mexican law, applies to Plaintiff's breach of contract claim. (Dkt. No. 58, "Judicial Order.") Additionally, the Court determined that California's two-year statute of limitations for oral contracts applies to Plaintiff's claim. (Id. at 17-18.) The Court declined to make a choice-of-law assessment as to Defendant's counter-claims. (Id. at n. 1.)

The Court first considers whether the Judicial Order in question decided a controlling issue of law. Plaintiff argues the Court's choice-of-law decision is a fundamental legal issue that satisfies this element. (Dkt. No. 60 at 7.) In opposition, Defendant contends the Court's choice-of-law determination is not a controlling issue because a reversal of the district court's decision would not terminate the action. (Dkt. No. 62 at 4.)

2                                                                              **Civil Action No. 11-cv-2380-GPC-WMC**

Choice-of-law determinations are considered controlling questions of law. As stated by the Ninth Circuit, controlling questions of law, appropriate for interlocutory appeal, include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." In re Cement Antitrust Litigation, 673 F.2d at 1026 (citing United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959). Moreover, a controlling question of law is a question whose resolution on appeal could have a material affect on the outcome of the case in the district court. Id. Here, Plaintiff points out that California's two-year statute of limitations has impacted the amount Plaintiff may recover for his breach of contract claims. (Dkt No. 60 at 5.) The question of whether California or Mexican law applies is both fundamental to Plaintiff's breach of contract claim and could have a material affect on the outcome of the case. Thus, the Court finds the choice-of-law determination is a controlling issue of law intended to be covered by §1292(b).

The Court next considers whether there is substantial ground for difference of opinion. Plaintiff asserts the choice-of-law issue is a novel issue of which fair-minded jurists could come to different conclusions and that California law is unsettled in the area of choice-of-law. (Dkt. No. 60 at 12.) Defendant responds the controlling law in this area is settled, and Plaintiff has failed to identify any split in the Ninth Circuit. (Dkt. No. 62 at 5.)

Under § 1292(b), a "substantial ground for difference of opinion" may exist when "the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. (internal citations and quotations omitted.) As

3                                                                 **Civil Action No. 11-cv-2380-GPC-WMC**

recently noted by the Ninth Circuit, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (declining to require adverse authority develop around an issue prior to review of an interlocutory appeal).

Plaintiff has failed to demonstrate there is a novel issue present or that the controlling law is unclear or unsettled. Plaintiff does not offer any substantive argument or legal authority that would lead this Court to conclude that the choice-of-law issue for a single breach of contract claim is either novel or difficult.  In arguing that the law is unsettled, Plaintiff points to this Court's unalarming observation that the Ninth Circuit recognizes differences among California courts as to choice of law rules. (Dkt. No. 60 at 12.)  However, the Court's statement does not support the proposition that the law is unsettled or that there are differences of opinion within the circuit courts.  Indeed, this Court relied on several Ninth Circuit and California state law cases in applying two established choice-of-law tests, and ultimately concluded that California law applied under either test. (Judicial Order at 13.)  Simply because settled law might be applied differently does not establish a substantial ground for difference of opinion. See Couch, 611 F.3d at 633.  Nor does Plaintiff's mere disagreement with the Court's ruling establish a substantial ground for difference. Id.  Moreover, Plaintiff has not provided any case law that conflicts with this Court's construction or application of the relevant choice-of-law provisions. Id.  Accordingly, Plaintiff has not established there is a "substantial ground for difference of opinion."

Finally, the Court considers whether an interlocutory appeal would advance the ultimate termination of the litigation.  Plaintiff argues that appellate review would help this case settle or be resolved with only one trial. (Dkt. No. 60 at 13.)

4                                                                  **Civil Action No. 11-cv-2380-GPC-WMC**

Defendant contends an appeal would only delay resolution of this case, which is currently set for a pre-trial conference at the end of September. (Dkt. No. 62 at 7.) In reply, Plaintiff argues that, if reversed on appeal, the Ninth Circuit will decide the law applicable to Bracamonte's counterclaims by deciding the law applicable to IBLC's claims. (Dkt. No. 63 at 7.)

Material advancement is closely linked to the question of whether an issue of law is "controlling," because the district court should consider the effect of a reversal on the management of the case. In Re Cement Antitrust Litig., 673 F.2d at 1026. However, an interlocutory appeal will not "materially advance the ultimate determination of the litigation" where certification "might well have the effect of delaying the resolution of a litigation." Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988). Material advancement may be found where reversal on interlocutory appeal may remove a defendant or claims in the litigation. Reese, 643 F.3d at 688.

Plaintiff fails to establish that an interlocutory appeal would materially advance the ultimate termination of the litigation. As a preliminary matter, efficiency for both the parties and the Court would be served by proceeding with trial on Plaintiff's claim before any appeal is taken. Allowing an interlocutory appeal at this stage would require the parties to file briefing in the appeal while likely proceeding through trial. Preventing such hardship through a stay would ultimately delay resolution of this case for a substantial amount of time, because it is improbable that an appeal would be completed prior to a trial. Furthermore, Plaintiff cites no legal authority for the proposition that a reversal would have the effect of determining the choice-of-law issue for Bracamonte's counterclaims, which the Court declined to rule upon in its Order. In short, Plaintiffs have not demonstrated that a successful appeal will improve their chances of success or that the appeal would dispose of any defendants or a set of claims.

The Court briefly addresses Plaintiff's argument that this Court erred by relying on Defendant's "undisputed material facts" and not sufficiently relying on Plaintiff's "undisputed material facts." (Dkt. No. 60 at 8.)  In their joint motion to file cross-motions for summary judgment, the parties represented to the Court that they agreed the "issues can be determined as a matter of law based on undisputed facts." (Dkt. No. 42 at 2.)  In the Judicial Order, the Court fully considered both parties statements of undisputed material facts.  The Court cited Plaintiff's undisputed material facts regarding legal work carried out in Mexico, (Judicial Order at 13.)  Additionally, where the Court relied on Defendant's statement of undisputed material facts, the Court largely relied on facts that *Plaintiff had agreed were undisputed*. (See Dkt. No. 50-1; compare to Dkt. No. 41-2.)  Thus, the Court properly considered the facts, as agreed to or otherwise submitted by the parties, to determine partial summary judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Moreover, while the Ninth Circuit has not directly spoken on the issue, it is generally accepted that "[q]uestions of fact, questions as to how agreed-upon law should be applied to particular facts, or questions regarding the manner in which the trial judge exercised his or her discretion, may not be properly certified for interlocutory review." 2 Fed. Proc., L. Ed. § 3:210 (citing cases from the Second, Third and Fifth Circuits).  The appropriate mechanism for redress of factual errors is a motion for reconsideration, which Plaintiff declined to pursue.  Accordingly, Plaintiff's argument fails to persuade this Court to issue a certificate of appealability of the Judicial Order.

# CONCLUSION

Having considered the parties' arguments, and for the aforementioned reasons, the Court **DENIES** Plaintiff's motion to certify the Court's July 23, 2013 Order for interlocutory appeal.

**IT IS SO ORDERED.**

DATED: September 26, 2013

_____
HONORABLE GONZALO P. CURIEL
United States District Judge